**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SUSAN LAWSON,**

    **Plaintiff,**

vs.                            **CASE NO.:**

**AETNA, INC. and AETNA LIFE**
**INSURANCE COMPANY,**

    **Defendant.**

_____ /

## COMPLAINT

COMES NOW the Plaintiff, SUSAN LAWSON, ("Ms. Lawson"), by and through the undersigned attorney, and sues the Defendants, AETNA, INC. and AETNA LIFE INSURANCE COMPANY ("Aetna Life") and alleges as follows:

## GENERAL ALLEGATIONS

1.    This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2.    This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3.    This Court has venue pursuant to 29 U.S.C. §1132(e). In particular, in ERISA actions, venue is proper where the performance of the Plan terms was to take place. Benefits here were to be paid at Ms. Lawson's home address in Lake Mary, Florida. See Exhibit "A" attached hereto.

4.    Ms. Lawson is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

5. Ms. Lawson was an employee of Aetna, Inc. ("Aetna, Inc." or "Employer") and/or one of its affiliated or associated companies and as such she was insured through a disability Plan sponsored by Aetna, Inc.

6. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing long term disability ("LTD") benefits.

7. The "Plan" is a welfare benefit plan established under ERISA to provide LTD benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

8. A copy of what purports to be a Summary Plan Description describing benefits payable under the Plan is attached hereto as Exhibit "B".

9. Aetna Life is the claims administrator. Aetna, Inc. delegated to Aetna Life the authority to make initial claim decisions and to make decisions on appeal. Aetna Life makes the "full and fair" final review of claims under the Plan.

10. Aetna, Inc. and/or Aetna Life denied and/or terminated Ms. Lawson's claim finding that she was not disabled under the terms of the Plan. Aetna Life's last denial letter is dated March 3, 2020.

11. Aetna, Inc. is a fiduciary as that term is defined by ERISA as it is the Plan Sponsor and Plan Administrator. Moreover, the Plan is self-funded by Aetna, Inc.

12. Aetna Life is also a fiduciary as that term is defined by ERISA as it makes the "full and fair" final review of claims under the Plan.

13. With respect to the claims made herein, Ms. Lawson has exhausted her administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
### (Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))

Ms. Lawson incorporates the allegations contained in paragraphs 1 through 13 above, and further states:

14. The Plan provided for the payment of LTD benefits in the event Ms. Lawson became disabled as defined in the Plan. The Plan also provided for the continuation of other benefits in the event of disability. The other benefits are described with particularity in the applicable plan documents for those plans.

15. Ms. Lawson was and is disabled as defined by the Plan at all times material hereto.

16. Ms. Lawson made a claim for Plan benefits. Said claim for benefits was terminated or denied.

17. Ms. Lawson is entitled to Plan benefits.

18. Aetna, Inc. and/or Aetna Life has failed and refused to pay Ms. Lawson sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

19. Because of the failure to pay benefits pursuant to the terms of the Plan, Ms. Lawson has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee. Ms. Lawson is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Ms. Lawson, prays for relief from defendants, Aetna, Inc. and/or Aetna Life, for the payment of disability benefits, reinstatement to all other benefits, including the waiver of premiums as if benefits had never been terminated or

denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Date:  April 27, 2020

                                        */s/Gregory D. Swartwood*
Gregory D. Swartwood, Esquire
Florida Bar No. 858625
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL  32750
Telephone:  (407) 339-1104
Facsimile:  (407) 339-1118
E-Mail:  gswartwood@nationlaw.com
Attorneys for Plaintiff